IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERESA D. LAWLOR and LOUIS LAWLOR, | )<br>)<br>) |
| Plaintiffs, | )<br>) No. 3:21-cv-00171 |
| v. | )<br>) Judge William L. Campbell, Jr.<br>) Magistrate Judge Barbara D. Holmes |
| KAPGROUNDS OF AMERICA, INC., et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

## ENTRY OF DEFAULT

Pending is Plaintiffs' Motion for Clerk's Entry of Default against defendant Stone Cabin Canyon LLC ("Stone Canyon") pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 46). For the following reasons Plaintiffs' Motion is **GRANTED**.

**I.   Procedural History**

Plaintiffs filed their Amended Complaint against Stone Canyon on September 17, 2021. (Doc. No. 22). Alias Summons was issued as to Stone Canyon's registered agent for service of process, Corporate Creations Network, Inc. on December 16, 2021. (Doc. No. 36). On January 18, 2022, Plaintiffs filed a Proof of Service declaration executed by process server Kelvin McGill who states under penalty of perjury that service was obtained as to Stone Canyon on January 2, 2022, via personal service upon Stone Canyon's registered agent. (Doc. No. 37 and 46-1). Plaintiffs filed the pending Motion for Entry of Default as to Stone Canyon on March 25, 2022. (Doc. No. 46).

1

**II.     Analysis**

Pursuant to Local Rule 55.01, motions for entry of default against legal entities under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service; and (ii) the opposing party's failure to plead or otherwise defend. L.R. 55.01.  In support of its Motion, Plaintiffs submit the Declaration of Michael W. Gaines. (Doc. No. 46-2).

Upon review of the record as a whole and the Declaration of Mr. Gaines, the Clerk finds that Plaintiffs have satisfied its obligations under Local Rule 55.01 and that the Defendant Stone Canyon has failed to enter an appearance or otherwise defend this action.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  For the reasons stated herein, Plaintiffs' Motion for Clerk's Entry of Default against Stone Cabin Canyon LLC is **GRANTED**.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court